**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BEVERLY M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-3732-TWP-MJD |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES

This matter is before the Court on a Petition for Attorney Fees filed pursuant to the Equal Access to Justice Act ("EAJA") by Plaintiff Beverly M. (Filing No. 25). Beverly M.'s counsel filed the Petition after she became the "prevailing party" in this disability benefits appeal case. Defendant Andrew M. Saul, Commissioner of Social Security (the "Commissioner"), objects to counsel's requested fee of $13,716.44, asserting the number of hours is excessive. For the reasons set forth below, the Court **grants in part**, the Petition for Attorney Fees.

## I.     BACKGROUND

Beverly M. filed for disability benefits on January 19, 2016, and was denied twice (Filing No. 7-2; Filing No. 7-3). She requested a review of the decision, but the Appeals Council denied her request on July 1, 2019, (Filing No. 7-2), which led to the filing of this action. Beverly M. filed a Brief in Support of her Request for Review and Remand of the Commission of Social Security's Final Decision, (Filing No. 11), and on October 2, 2020, the Magistrate Judge recommended that the decision be remanded pursuant to Sentence Four of 42 U.S.C. § 405(g), (Filing No. 22), which this Court later adopted, (Filing No. 23). A judgment was entered for Beverly M., rendering her the "prevailing party" (Filing No. 24).

Beverly M. filed her Petition for Attorney Fees on January 20, 2021, (Filing No. 25), seeking fees for 56.1 attorney hours and 15.1 paralegal hours, and an additional 6.2 hours spent on her reply brief, for a total of $13,716.44.  The Commissioner does not challenge the hourly rate being requested by the attorney and paralegal.  Rather, the Commissioner challenges the requested number of hours, claiming them to be excessive, (Filing No. 36 at 1).  Beverly M. filed a reply in support of her Petition for Attorney Fees on March 18, 2021, (Filing No. 33) further arguing the reasonableness of the time spent on the case.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2412(d)(1)(A), the EAJA allows the award of fees in "any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action".  Fees may be awarded under EAJA where "(1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, 382 F.3d 721,723–24 (7th Cir. 2004). Additionally, the plaintiff bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhard*, 461 U.S. 424, 437 (1983).  In evaluating the reasonableness of a fee request, the court must consider the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3.

### III.    DISCUSSION

Beverly M.'s counsel asserts that she is entitled to an award of attorney fees under the EAJA because she is the prevailing party in a disability benefits appeals case. Counsel seeks attorney fees for a total of 62.3 attorney hours and 15.1 paralegal hours.

Counsel contends that she meets all the requirements necessary to be awarded attorney fees under EAJA: Beverly M. she is an "eligible party," she is a "prevailing party," the Commissioner's position was not substantially justified, and no special circumstances exist to render the award of fees unjust, (Filing No. 26 at 2). Counsel has filed an itemized, detailed billing statement of the hours expended and rates charged in this matter along with information on the Adjusted Hourly Rates for EAJA Fee Market Analysis in support of her Petition (Filing No. 25-2; Filing No. 25-3). Counsel argues the hourly rate and hours sought are reasonable because counsel spent significant preparation time on this case and obtained a favorable verdict, (Filing No. 26 at 7). Beverly M.'s counsel cites *Hensley*, which states that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Id.* (citing 461 U.S. at 440). Beverly M.'s counsel contends that because she obtained excellent results for her client, she should recover a full compensatory fee. (Filing No. 26 at 7.) Counsel further argues the requested hours are reasonable because they are in line with this district's holding in *Buis v. Colvin*, which held that 45 hours was reasonable for an opening brief and 25 hours was reasonable for a reply brief. *Id.* at 8 (citing No. 1:13-cv-878-RLY-MJD, 2015 WL 6393937 at *17, 19 (S.D. Ind. Oct. 22, 2015)).

Counsel argues that complex arguments were presented in this case and the extensive amount of work to prepare a high-quality and detailed review of the facts further proves why the hours requested are reasonable. (Filing No. 26 at 8–9.) Beverly M. requests that the EAJA fees

3

awarded be directly awarded to her counsel, The de la Torre Law Office L.L.C., upon the Commissioner's timely confirmation that Beverly M. does not owe any outstanding debt. *Id.* at 12. Otherwise, the Commissioner should file a statement with the Court with evidence that shows that Beverly M. owes an outstanding debt and that the Commissioner will exercise the right of offset. *Id.*

In response, the Commissioner proposes a twelve-hour reduction in attorney time, ([Filing No. 36 at 10](#)). The Commissioner does not question the reasonableness of the hourly rate. *Id.* at 2. Rather, he argues that the amount of attorney fees is improper and should be reduced because the amount of time spent on the case was unreasonable. *Id.* The Commissioner's argument primarily focuses on the amount of time opposing counsel spent writing the initial brief, considering counsel's experience with social security cases. *Id.* at 2–10.

The Commissioner first argues that spending 56.1 attorney hours and 15.1 paralegal hours in this case was excessive because two attorneys spent 31.5 hours writing and editing the opening brief. *Id.* at 1. The Commissioner cites *Hensley*, which states that the prevailing party should make a good-faith effort to exclude hours from a fee request that are excessive, redundant, or otherwise unnecessary. *Id.* at 2 (quoting 461 U.S. at 434). The Commissioner argues that two attorneys working on the opening brief is a duplication of effort and is a valid basis to reduce requested fees. *Id.* at 3. The Commissioner argues that Beverly M.'s argument under *Hensley*—which holds that the number of hours should be considered in relation to the success of counsel—is unavailing because Beverly M. cites no Social Security cases in which the courts have awarded additional EAJA fees based on exceptional results. *Id.* at 4. The Commissioner further argues that the hours requested are unreasonable because the record was not long, no novel issue was raised

4

by Beverly M., and Beverly M.'s counsel has raised the same issues in numerous other cases. *Id.* at 4–5, 9.

The Commissioner relies on *E.H. by Hayes v. Berryhill*—which stated that "extensive experience litigating Social Security cases . . . should result in efficiencies in drafting briefs, even in complex cases," No. 4:16-CV-19-PRC, 2018 WL 549954, at *4–5 (N.D. Ind. Jan. 25, 2018)—to support his assertion that Beverly M.'s counsel's extensive experience litigating Social Security cases should result in efficiently drafting briefs. (File No. 36 at 7.) The Commissioner cites several cases where, for example, Beverly M.'s counsel made claims that "distracts the Court's resources from both her meritorious claim(s), as well as other deserving cases." *Id.* at 7–8 (quoting *Barbara S. v. Saul*, No. 1:20-cv-154-JMS-MJD, 2020 WL 4499631, at *5 (S.D. Ind. Aug. 5, 2020). The Commissioner also appears to object to the EAJA fees being directly paid to Beverly M.'s counsel, asserting that it should be Beverly M. who receives the funds after the Commissioner conducts a debt check. *Id.* at 11. The Commissioner also objects to Beverly M.'s request for the Commissioner to file a written statement with the Court along with evidence if a debt is found. *Id.*

Beverly M. replies that the Commissioner's request to reduce the number of hours is arbitrary (Filing No. 33 at 1). Counsel contends that she is not requesting *additional* EAJA fees based on her exceptional results, but rather that she relied on *Hensley* to show that the *actual* hours spent should be awarded due to the exceptional results obtained. *Id.* at 3–4. Beverly M. further argues that there is no direct correlation between the length of a transcript and the complexity of an issue. *Id.* at 2. Replying to the Commissioner's argument that Beverly M.'s counsel spent too much time on this case, Beverly M. cites to a decision by this Court that instructed that the "court 'is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in another.'" *Id.* at 6 (quoting *English v. Colvin*, No. 1:11-cv-244-

5

DKl-RLY, 2015 WL 5227854, at *5 (S.D. Ind. Sept. 8, 2015) (quoting *Delgado v. Astrue*, No. 11 CV 2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012))).

Beverly M.'s counsel further adds that most of her previous EAJA fee requests have been filed as a joint stipulation and serve as evidence that she is not in the practice of seeking unreasonable fees. *Id.* at 7–8. Beverly M. responds to the Commissioner's arguments that her counsel did not raise a novel issue and that counsel's familiarity with Social Security cases should have led to fewer hours being requested by citing to *Martinez v. Astrue*, which states that even when a case covers familiar subjects, "that does not mean that the repeated and more common arguments did not require a close analysis of the record and a detailed presentation to the court." *Id.* at 10 (quoting No. 2:10-CV-370-PRC, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012)). Beverly M. further refutes the Commissioner's assertion that counsel spent too much time on this case and included too much information by asserting that it is prudent to raise all viable errors that could lead to a reversal and doing otherwise would be a disservice to her client. *Id.* at 12.

Upon review of the documents filed by the parties and the relevant authorities, the Court agrees that the amount of time for preparation of the opening brief is excessive and unreasonable. As noted by the Commissioner, the Statement of Facts was already prepared by the paralegal for a total of 14.9 hours, so counsel cannot assert that attorney hours were reasonably expended culling and summarizing the facts. In addition, the 11.5 hours that counsel spent editing another attorney's initial draft brief was excessive, as these hours were over half the 20 hours that the attorney spent drafting the entire brief. Counsel is an experienced Social Security attorney and the opening brief and reply in this case do not concern complex or novel issues of law. An examination of the exhibits presented by the Commissioner shows that the briefing here was similar to arguments raised by counsel in previous briefs. (*See* Filing No. 36-4, Filing No. 36-5.)

6

As to whom the funds should go to, the Commissioner contends if Beverly M. is asking for more than the usual template language that states that "[a]fter the Court enters this award, if counsel for Defendant can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney, pursuant to the EAJA assignment between Plaintiff's attorney and Plaintiff." (Filing No. 36 at 11.)

### IV. CONCLUSION

For the foregoing reasons, Beverly M.'s Petition for Attorney Fees, (Filing No. 25), is **GRANTED in part as follows**:

Counsel is awarded attorney fees and expenses in the amount of $10,150.51, in full satisfaction of any and all claims for attorney fees, expenses, and costs that may be payable to her in this matter under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

Any fees paid belong to Beverly M. and not her attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Beverly M. does not owe a pre-existing debt to the government subject to the offset, the Commissioner will direct that the award be made payable to Beverly M.'s attorney pursuant to the EAJA assignment duly signed by Beverly M. and counsel.

SO ORDERED.

Date: 12/20/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov